**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-24-02921-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Bailes, Jr., | |
| Defendant. | |

The Court now considers Plaintiff United States of America's Motion for Summary Judgment (Doc. 30). The Court **grants** the Motion for the following reasons.

## I.    INTRODUCTION

The United States sues Defendant Charles L. Bailes, Jr. for unjust enrichment and payment by mistake. (Doc. 1 at 3–4.) The United States alleges as follows. The United States Department of Treasury issued two bonds to "Clara E. Bailes or Charles L. Bailes, Jr." (*Id.* at 1 ¶ 2.) Clara, through her Power of Attorney, reported the bonds as lost. (*Id.*) Substitute bonds were then issued to "Clara E. Bailes or Charles L. Bailes, Jr." (*Id.*) Defendant redeemed the substitute bonds shortly thereafter. (*Id*)

The original bonds became United States property when the substitute bonds were issued. (*Id.* at 2 ¶ 11.) However, Defendant later redeemed the original bonds. (*Id.* at 2–3 ¶¶ 14–15.) The Treasury demanded reimbursement from Defendant. (*Id.* at 3 ¶ 16.) Defendant refused and the United States thus brought the present lawsuit. (*Id.*)

## II.   LEGAL STANDARD

Summary judgment is appropriate in circumstances where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by showing "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).  Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court must draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255.  Additionally, the Court does not make credibility determinations or weigh the evidence. *Id.* The determination of whether a given factual dispute requires submission to a jury is guided by the substantive evidentiary standards that apply to the case. *Id.*

The burden initially falls on the movant to demonstrate the basis for a motion for summary judgment and "identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  If this initial burden is not met, the nonmovant does not need to produce anything even if they would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).  However, if the initial burden is met by the movant, then the nonmovant has the burden to establish that there is a genuine issue of material fact. *Id.* at 1103.  The nonmovant "must do more than simply

show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*, 475 U.S. at 586. Bare assertions alone do not create a material issue of fact, and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III.    DISCUSSION

Defendant admits to redeeming the original bonds. (Doc. 34 at 5.) However, Defendant argues that summary judgment is not appropriate because he did not request or redeem the substitute bonds. (Doc. 34 at 6.) Instead, the Power of Attorney requested and redeemed the substitute bonds and did so without his authorization. (*Id.* at 5.) Thus, Defendant contends that the Power of Attorney did not act on his behalf. (*Id.* at 6.)

Series EE savings bonds—the bonds at issue here—are governed by 31 C.F.R. § 353 *et seq.* As was the case here, such bonds "may be registered in the names of two individuals in the alternative as coowners." 31 C.F.R § 353.7(a)(2). If an original bond is lost, owners may file an application to receive a substitute bond. 31 C.F.R § 353.25 and .26. In such circumstances, the original "bond for which relief has been granted [becomes] the property of the United States and, if recovered, must be promptly submitted to the Bureau of the Fiscal Service, Parkersburg, WV 26101, for cancellation." 31 C.F.R. § 353.28(b).

As relevant here, applications for substitutes "must be made by the person or persons (including both coowners, if living) authorized under these regulations to request payment of the bond." § 353.26(d). Thus, the ability to file an application is co-extensive with the authority to "request payment of the bond." *Id.* As detailed below, a co-owner can unilaterally request payment and can thus unilaterally apply for a substitute bond.[1]

Under 31 C.F.R. § 353.39(a), "[a]n individual who is the owner or coowner of a

---

[1] The Court does not read the parenthetical within § 353.28(b) to require both co-owners to submit an application. Co-owners are "alternative" owners of a bond, not joint owners. *See* § 353.7(a)(2) ("A bond may be registered in the names of two individuals *in the alternative* as coowners." (emphasis added)). Thus, the regulations mandate that co-ownership be denoted with the coordinating conjunction "or." *See id.* ("The form of registration "A *and* B" is not authorized." (emphasis added)). Indeed, the bonds at issue here are addressed to "Clara E. Bailes *or* Charles L. Bailes Jr." (Doc. 32 at 16 (emphasis added).) Accordingly, the parenthetical simply makes it explicit that both co-owners are included "persons" under the regulation.

Series EE bond may present the bond to an authorized paying agent for redemption." This is known as "surrendering" the bond. *See id.* This regulation does not expressly require both coowners to be present for a bond to be surrendered. Indeed, 31 C.F.R. § 353.37 notes that payment can be rendered "to *either* coowner upon surrender" and that "upon payment . . . the other coowner will cease to have any interest in the bond." (Emphasis added.) The regulation goes on to recognize that "[i]f both coowners request payment, payment will be made by check drawn in the form, 'John A. Jones AND Mary C. Jones'"; of course, such language would be superfluous if both coowners must request payment in the first instance. § 353.37 (emphasis in original). Thus, a co-owner may unilaterally request payment on a bond. Because the power to request payment is co-extensive with the power to apply for a substitute bond, *see* § 353.26(d), a co-owner may unilaterally apply to receive substitute bonds, *see* § 353.25 and .26; §§ 353.35 through .44.

The Court thus finds that summary judgment is appropriate on the United States' unjust enrichment claim.[2] This claim requires proof that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *United States ex rel. Quesenberry v. JMG Invs., Inc.*, No. CV 20-8497-MWF (ASX), 2026 WL 453469, at *4 (C.D. Cal. Jan. 14, 2026) (citation modified). These elements are satisfied here.

It is undisputed that Clara applied for substitute bonds.[3] (Doc. 32 at 2–3.) Accordingly, the original bonds became government property, *see* § 353.28(b), and thus unredeemable. Defendant admits that he redeemed the original bonds. (Doc. 34 at 5.) Thus, there is no genuine issue of material fact that Defendant unjustly retained the payment of the original bonds.

Defendant contends that summary judgment is not appropriate because *he* did not apply for substitute bonds and that *he* did not redeem the substitute bonds. (Doc. 34 at 5.)

---

[2] The Court does not address the United States' payment by mistake theory because it is pled in the alternative. (Doc. 30 at

[3] As noted, Clara applied for substitute bonds through her Power of Attorney. Defendant does not contest the Power of Attorney acting Clara's behalf. Instead, Defendant seemingly lodges a general challenge at a co-owner's ability to bind another co-owner.

These arguments are unavailing for multiple reasons. As explained, it is irrelevant that he did not apply for the substitute bonds—Clara's actions as a co-owner were binding on Defendant. Moreover, whether the substitute bonds were redeemed is also irrelevant. The original bonds became unredeemable upon the *issuance* of the substitute bonds, not their redemption. *See* § 353.28(b).[4]

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Summary Judgment (Doc. 30).

Dated this 6th day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge

---

[4] The United States attaches exhibits showing that Defendant signed and redeemed the substitute bonds. (Doc. 32 at 21–24.) Defendant claims that the signature on the redeemed bonds is not his. (Doc. 34 at 5.) Defendant cites no evidence in support of his argument