**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Charles L Bailes, Jr.,

Defendant.

No. CV-24-02921-PHX-SMB

**ORDER**

Pending before the Court is Defendant Charles L. Bailes, Jr.'s ("Bailes") Motion for Reconsideration (Doc. 39) based on the Court's prior order granting summary judgment. (Doc. 38.) For the reasons noted below, the Court **denies** the Motion for Reconsideration.

## I. BACKGROUND

Bailes asks the Court to revisit its grant of summary judgment on Count I. (Doc. 38.) Bailes admitted to redeeming original Treasury bonds issued to him and his co-owner. (Doc. 34 at 5.) The Court ruled that either co-owner had the authority to request substitute bonds. (Doc. 38 at 3.) It was not relevant that Bailes did not apply for or redeem the substitute bonds because he was bound by the actions of his co-owner. (*Id.* at 5.) Once the substitute bonds were issued, the original bonds were then the property of the U.S. government. (*Id.* at 4.) By redeeming the original bonds after the substituted bonds had been issued and redeemed, Defendant was unjustly enriched. (*Id.* at 4.)

## II. LEGAL STANDARD

"The Court has discretion to reconsider and vacate a prior order." *Motorola, Inc. v.*

*J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). However, "[m]otions for reconsideration are disfavored," *id.*, and "are appropriate only in rare circumstances," *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). Accordingly, "a motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *333 W. Thomas Med. Bldg. Enters.*, 976 F. Supp. 2d at 1302 (citation modified). Instead, these motions are only appropriate where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust," (3) is presented with "an intervening change in controlling law," or (4) is otherwise presented with "other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Bailes argues that reconsideration is appropriate because the prior order overlooked multiple genuine issues of material fact, improperly resolved credibility issues, and misapplied the summary judgment standard. (Doc. 39 at 2.) None of these arguments meet the standard for a motion for reconsideration noted above.

Bailes argues that the following were factual disputes: (1) whether "the substitute bonds were properly issued and whether required lost-bond procedures were followed"; (2) whether he signed the substitute bonds; (3) whether the original bonds were "legally redeemable" when he presented them for payment; (4) whether the United States acted reasonably in not checking the serial numbers in the redemption logs on the original bonds at the time they were paid out; (5) whether proper identification and verification occurred when the bonds were redeemed; and (6) whether the second redemption was improper. (Doc. 39 at 2–3.)

Bailes has not argued that there is newly discovered evidence that the Court did not consider. Nor is he arguing that a change in the law has occurred or some highly unusual circumstance happened. He claims only that the issues he raises are material issues of fact, which the Court assumes means that he believes the Court committed clear error in granting

summary judgment. The Court disagrees.

"Factual disputes that are irrelevant or unnecessary" are not material and thus do not preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). These are the only elements necessary to prove a claim of unjust enrichment in Arizona: "(1) plaintiff conferred a benefit upon the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit." *In re Ariz. Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1057 (D. Ariz. 2018). None of the alleged factual disputes Bailes offers affects the Court's prior decision that these elements were met. The Court determined as a matter of law that either co-owner had the right to request the substitute bonds. (Doc. 38 at 4.) There is no dispute that Bailes' co-owner applied for the substitute bonds. (*Id.*) That made the original bonds government property, and therefore unredeemable, and Bailes redeemed them. Thus, Bailes redeemed the original bonds for cash at the government's expense and it would be unjust for him to keep that money. These circumstances are sufficient for unjust enrichment, and the other issues raised by Bailes are simply not material to that determination.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendant Charles L. Bailes, Jr.'s Motion for Reconsideration (Doc. 39).

Dated this 23rd day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge